**No. 25-7187**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

NORTH AMERICAN DERIVATIVES EXCHANGE, INC., d/b/a
Crypto.com | Derivatives North America,
*Plaintiff-Appellant*,

v.

STATE OF NEVADA, on Relation of the NEVADA GAMING
CONTROL BOARD; MIKE DREITZER, in his official capacity as
Chairman of the Nevada Gaming Control Board; GEORGE ASSAD, in
his official capacity as a member of the Nevada Gaming Control Board;
CHANDENI K. SENDALL, Deputy City Attorney, in her official
capacity as a member of the Nevada Gaming Control Board; AARON D.
FORD, in his official capacity as Attorney General of Nevada,
*Defendants-Appellees*,

NEVADA RESORT ASSOCIATION,
*Intervenor-Defendant-Appellee.*

On Appeal from the United States District Court for the
District of Nevada, No. 2:25-cv-978 (Hon. Andrew P. Gordon)

## STATE DEFENDANTS' MOTION
## TO CONSOLIDATE ORAL ARGUMENT

Nicole A. Saharsky
Minh Nguyen-Dang
Matthew Bisanz
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3220

Rory K. Schneider
Alexander S. Mendelson
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500

Aaron D. Ford
 Attorney General of Nevada
Heidi Parry Stern
 Solicitor General
Jessica E. Whelan
 Chief Deputy Solicitor General—
 Litigation
Sabrena K. Clinton
Abigail L. Pace
State of Nevada,
 Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
(702) 486-3420

*(additional counsel on inside cover)*

*(continued from front cover)*

Preston R. Michelson
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600

## STATE DEFENDANTS' MOTION
## TO CONSOLIDATE ORAL ARGUMENT

Defendants-Appellees State of Nevada on Relation of the Nevada Gaming Control Board, Mike Dreitzer, George Assad, Chandeni K. Sendall, and Aaron D. Ford (collectively, State Defendants) move to consolidate this appeal for purposes of oral argument with *KalshiEX LLC v. Hendrick et al.*, No. 25-7516 (*Kalshi*), and *Robinhood Derivatives, LLC v. Dreitzer et al.*, No. 25-7831 (*Robinhood*). In support of this Motion, State Defendants state as follows:

1. This case, *Kalshi*, and *Robinhood* are three pending appeals that were all before the same district judge and all raise the same legal issues.

2. The Plaintiff in each case—Crypto.com, Kalshi, and Robinhood—offers "event contracts" on sports, elections, and other events. These contracts are bets—a user buys a contract on whether a particular outcome will occur (such as whether an NFL team will win its next game), and receives a payout if the outcome occurs. Despite that, Crypto.com, Kalshi and Robinhood do not possess licenses to offer sports gambling in any State. They instead contend that they do not need to comply with state gaming law because the Commodity Exchange Act, 7 U.S.C. §§ 1 *et seq.*, preempts all state regulation of its products. *See, e.g.*, Dkt. 12.1, at 4. They each sued to enjoin State Defendants from enforcing Nevada gaming law against them.

3. The district court determined that Plaintiffs are not likely to succeed on the merits of their arguments and found that preliminary injunctive relief is not warranted in each case. *See* Dkt. 13.1, at 10; *KalshiEX LLC v. Hendrick*, 2025 WL 3286282 (D. Nev. Nov. 24, 2025); *Robinhood Derivatives, LLC v. Dreitzer*, 2025 WL 3283308 (D. Nev. Nov. 25, 2025).

4. Crypto.com, Kalshi, and Robinhood have each appealed to this Court. Each appeal presents the same basic questions—whether the appellant is likely to succeed on the merits and whether the balance of equities supports preliminary injunctive relief. Although there are some slight factual differences among the parties, their legal arguments are almost identical, the alleged harms asserted in support of injunctive relief are materially similar, and the asserted state and public interests are the same. *Compare* Dkt. 12.1, *with* Opening Br., *Kalshi*, *supra* (Dkt. 20.1), *and* Opening Br., *Robinhood*, *supra* (Dkt. 15.1).

5. Indeed, Crypto.com, Kalshi, and Robinhood each designated all three cases as "related" under Circuit Rule 28-2.6. *See* Dkt. 12.1, at 91; Opening Br. at 85, *Kalshi*, *supra*; Opening Br. at 88, *Robinhood*, *supra*.

6. The briefing schedules in this case, *Kalshi*, and *Robinhood* differ slightly, but briefing for all cases end within three weeks of each other and will be finished by March 3, 2026.

7. No oral argument date has been set for any case, although State Defendants have requested priority in a hearing date in each matter. *See*

2

Dkt. 11.1; Ltr., *Kalshi*, *supra* (Dkt. 19.1); Ltr., *Robinhood*, *supra* (Dkt. 12.1); *see also* 9th Cir. R. 34-3(3).

8.     The three cases should be consolidated for purposes of oral argument.  Consolidation would promote judicial efficiency and would avoid repetitive presentation of identical legal issues.  Any factual differences relevant to the balancing of the equities can, if necessary, be addressed at oral argument.

9.     In addition, consolidation would ensure uniform treatment of the common legal questions and avoid the complications that can arise when related issues proceed simultaneously before different panels.  *See* 9th Cir. Gen. Order § 4.1 (describing procedure for resolution of questions pending concurrently before two or more panels).  The Court regularly consolidates related cases for oral argument when they raise similar legal issues.  *See, e.g.*, *Herrera v. Palmdale*, No. 24-4489 (9th Cir. Oct. 14, 2025) (Dkt. 45); *J. R. v. Ventura Unified Sch. Dist.*, No. 25-334 (9th Cir. Sep. 24, 2025) (Dkt. 67).[1]  The Court should do the same here.

10.     State Defendants further respectfully suggest that the Court give each side 30 minutes for argument, for one hour total of argument.

---

[1]   In a separate motion, State Defendants will also move to have this appeal assigned to the same panel that will decide *Blue Lake Rancheria et al. v. Kalshi, Inc. et al.*, No. 25-7504, a case that has similar facts but distinct legal issues.  *Blue Lake* should not be consolidated with this case for oral argument.

That is, State Defendants and Intervenor-Defendant Nevada Resort Association (NRA) would share 30 minutes of argument, and all three Plaintiffs would share 30 minutes of arguments.

11.    Counsel for State Defendants conferred with counsel for the other parties for their position on this motion.   NRA consents to consolidation, with each side having a total of 30 minutes for oral argument.  Kalshi consents to consolidation for oral argument and proposes that each side be given a total of 45 minutes.  Robinhood similarly consents to consolidation for oral argument and proposes that each side be given a total of 45 minutes. Crypto.com consents to consolidation for oral argument only if each side is given a total of either 45 or 60 minutes for argument.

## CONCLUSION

The Court should consolidate this appeal for purposes of oral argument with *KalshiEX LLC v. Hendrick et al.*, No. 25-7516, and *Robinhood Derivatives, LLC v. Dreitzer et al.*, No. 25-7831.

Dated: January 26, 2026

Respectfully submitted,

/s/ *Jessica E. Whelan*

Aaron D. Ford
  Attorney General of Nevada
Heidi Parry Stern
  Solicitor General
Jessica E. Whelan
  Chief Deputy Solicitor General—
  Litigation
Sabrena K. Clinton
Abigail L. Pace
State of Nevada,
  Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
(702) 486-3420

Nicole A. Saharsky
Minh Nguyen-Dang
Matthew Bisanz
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3220

Rory K. Schneider
Alexander S. Mendelson
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500

Preston R. Michelson
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), undersigned counsel certifies that this motion:

(i)     complies with the type-volume limitation of Rule 27(d)(2) because it contains 858 words, including footnotes and excluding the parts of the brief exempted by Rule 32(f); and

(ii)     complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared using Microsoft Word for Microsoft 365 and is set in Century Schoolbook font in a size equivalent to 14 points or larger.

Dated:  January 26, 2026                    /s/ *Jessica E. Whelan*
                                            Jessica E. Whelan

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on January 26, 2026. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated:  January 26, 2026                    /s/ *Jessica E. Whelan*
                                             Jessica E. Whelan