

| | **AARON D. FORD** | |
|---|---|---|
| CRAIG A. NEWBY | *Attorney General* | LESLIE NINO PIRO |
| *First Assistant Attorney General* | | *General Counsel* |
| CHRISTINE JONES BRADY | | HEIDI PARRY STERN |
| *Assistant Attorney General* | | *Solicitor General* |

STATE OF NEVADA

OFFICE OF THE ATTORNEY GENERAL

1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119

March 16, 2026

Via ECF

Molly Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re:   *North American Derivatives Exchange, Inc. v. State of Nevada*, No. 25-7187
      *Robinhood Derivatives, LLC v. Dreitzer*, No. 25-7831
      *KalshiEX, LLC v. Hendrick*, 9th Cir. No. 25-7516

Dear Ms. Dwyer:

I write to inform the Court of the recent decision in *KalshiEX, LLC v. Schuler*, No. 25-cv-1165 (S.D. Ohio Mar. 9, 2026) (attached). In that decision, the court denied Kalshi's motion for a preliminary injunction to bar the State of Ohio from enforcing its gaming laws on sports event contracts listed on Kalshi's exchange. The decision bears on these appeals in two ways.

First, the decision confirms that Plaintiffs-Appellants are not likely to succeed on the merits. The Ohio court held that Kalshi's sports-event contracts are not "swaps" subject to the CFTC's jurisdiction under 7 U.S.C. § 2(a)(1)(A). Op. 8–13. The court explained that, under Kalshi's reading of the CEA, "all sports bets[] would be forced onto DCMs like Kalshi and every sportsbook would be put out of business." *Id.* at 12. The Ohio court also determined that, even assuming that Kalshi's contracts are swaps, Kalshi failed to establish either field or conflict preemption. *Id.* at 13–20. On field preemption, the court found "no evidence that Congress intended to preempt state sports gambling laws." *Id.* at 16. Instead, "all available evidence points to the contrary," including "the CEA's text and structure" as well as "Congressional intent." *Id.* at 17–18. On conflict preemption, the court found that it is not impossible for Kalshi to comply with both the CEA and Ohio gaming law, noting

Molly Dwyer, Clerk of Court
Page 2
March 16, 2026

that "Kalshi offers nothing but its own *ipse dixit* that the CFTC would view geographic restrictions predicated on compliance with state law as 'partial.'" *Id.* at 20. All of that reasoning applies to the cases here.

Second, the court emphasized that the balance of equities weighs heavily against a preliminary injunction. Op. 20–21. The court found Kalshi's fear of being forced to comply with Ohio gaming law to be "dwarfed by Ohio's interest in exercising its police power, enforcing its duly-enacted laws, and regulating sports gambling to promote the public welfare." *Id.* at 21. The same is true for Nevada in the cases here.

Thank you for your consideration of this additional material.

Respectfully,
*/s/ Jessica E. Whelan*
Jessica E. Whelan
Chief Deputy Solicitor General—Litigation
(702) 486-3420
jwhelan@ag.nv.gov