# CRAVATH

Kevin J. Orsini
korsini@cravath.com
T+1-212-474-1596
New York

March 26, 2026

Re:  *Robinhood Derivatives, LLC v. Dreitzer*, No. 25-7831
  *North American Derivatives Exchange, Inc. v. State of Nevada*, No.
  25-7187
  *KalshiEX, LLC v. Assad*, No. 25-7516

Dear Ms. Dwyer:

Robinhood submits this response to Appellees' Notice of Supplemental Authority regarding *QCX LLC v. Nessel*, No. 26-cv-00710, ECF No. 17 (W.D. Mich. Mar. 10, 2026).  (25-7831-Dkt. 96.1.)

*First*, *Nessel* warrants minimal consideration because a decision on a motion for an *ex parte* temporary restraining order is "never a proceeding of substance on the merits."  *Credit One Bank, N.A. v. Hestrin*, 60 F.4th 1220, 1225 (9th Cir. 2023).  Indeed, the court caveated its decision, noting that further argument "may yet persuade the Court with regard to a preliminary injunction."  *Nessel*, No. 26-cv-00710, ECF No. 17, at 1.  The Court also recognized that Polymarket "raised questions meriting further argument and investigation."  *Id.* at 7.

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
100 Cheapside
London, EC2V 6DT
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

*Second,* to the extent *Nessel* is afforded any weight, its preliminary holding that sports-related event contracts are not "swaps" was misguided. The court first wrongly concluded that the word "event" in the Commodity Exchange Act's ("CEA") definition of "swap" must be limited to happenings "of some significance." *Id.* at 4-6 . This limitation is found nowhere in the CEA. Rather, the CEA's "swap" definition broadly encompasses contracts dependent on the "occurrence . . . of an event or contingency." 7 U.S.C. § 1a(47)(A)(ii). Indeed, the court correctly recognized that the word "event" "does have common usages that allow it to mean essentially anything that happens." *Nessel*, No. 26-cv-00710, ECF No. 17, at 4. And it also correctly recognized the word "contingency" "would include those hypothetical events dependent on certain outcomes," *id.* at 5-6, yet offered no explanation for why the outcomes of sporting events are not contingencies.

*Third*, the court grafted an atextual requirement that the financial consequences associated with events or contingencies must be "inherent" for an event contract to qualify as a swap. *Id.* at 6. "Inherent" is also not found in the CEA. Rather, the CEA's "swap" definition explicitly encompasses events and contingencies "associated with a *potential* financial, economic, or commercial consequence." 7 U.S.C. § 1a(47)(A)(ii) (emphasis added).

2

*Fourth*, the court also failed to consider that sports-related event contracts are "option(s)" or transactions in "excluded commodities," *id.* § 2(a)(1)(A), as Appellants show in this appeal.

Respectfully submitted,

*/s/ Kevin J. Orsini*
Kevin J. Orsini

Molly Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

VIA ACMS

Copies to:

Aaron D. Ford, Attorney General
Jessica E. Whelan
Sabrena K. Clinton
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119

Ryan A. Andersen
Mark M. Weisenmiller
Andersen Beede Weisenmiller
3199 E Warm Springs Rd., Suite 400
Las Vegas, NV 89120

VIA ACMS

Word Count: 350