Milbank
**WILL HAVEMANN**
*Partner*
1101 New York Ave., N.W. | Washington, DC 20005
T: +1 (202) 835-7518
whavemann@milbank.com | milbank.com

August 24, 2026

**By Electronic Filing**

Molly Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

**Re: *KalshiEX LLC v. Assad, et al.*, No. 25-7516**
**FRAP 28(j) Reply**

Dear Ms. Dwyer:

Defendants' August 20 response to Kalshi's August 11 Rule 28(j) letter mischaracterizes Kalshi's position in two respects.

*First*, Defendants' response (at 1-2) wrongly suggests that Kalshi has taken the position that the CEA preempts the field of everything related to on-DCM transactions, including taxation of the revenue from those transactions. But Kalshi has never argued that the CEA preempts *all* state laws related to derivatives. Rather, Kalshi has consistently explained that "Section 2(a) expressly preempts state law by granting the CFTC 'exclusive jurisdiction' over all 'transactions involving swaps[ ]' " traded on DCMs; that "the CEA preempts the field of regulating trading on DCMs"; and that state efforts to regulate trading on DCMs conflict with the CFTC's regulatory jurisdiction. Opening Br. 27, 36-40. The distinction between taxation and regulation is not (at 2) "purely a formalism"; it is a bedrock legal principle. *See Learning Res., Inc. v. Trump*, 607 U.S. 229, 249 (2026) (the term " 'regulate' … is not usually thought to include[ ] taxation"). S.B. 257 does not regulate trading on DCMs merely because its tax reaches revenue from those transactions. Indeed, the "tax does not impose any license, registration, or other regulatory requirements or obligations of any kind on prediction markets." S.B. 257 § 44.9(a).

*Second*, Kalshi has made no "about-face" on conflict preemption. *Contra* Ltr. 2. Kalshi's embrace of S.B. 257 is consistent with its preemption arguments: North Carolina taxes revenue, not on-DCM trading. A tax on revenue from Kalshi's contracts does not conflict with uniform federal regulation of how trading occurs on Kalshi's exchange. By contrast, Nevada seeks to

subject prediction markets like Kalshi to comprehensive gaming regulation, including licensure requirements—regulation the CEA preempts.

Respectfully submitted,

*/s/ William E. Havemann*
William E. Havemann

*Counsel for Appellant KalshiEX LLC*

cc: All Counsel (via ACMS)
Word Count: 275